UNITED STATES v. GIESE.

(Circuit Court of Appeals, Second Circuit. December 14, 1897.)

No. 44.

CUSTOMS DUTIES—CLASSIFICATION—CARBONATE OF POTASH.

Refined carbonate of potash was entitled to free entry as "potash, * * * carbonate of," under paragraph 595 of the tariff of 1894, and was not subject to duty under paragraph 60, as within the description "all chemical compounds and salts not specially provided for in this act." 78 Fed. 805, affirmed.

This is an appeal from a decision of the circuit court, Southern district of New York, affirming a decision of the board of general appraisers, which reversed a decision of the collector of the port of New York. 78 Fed. 805. That officer classified an importation of refined carbonate of potash under paragraph 60 of the tariff act of 1894, as being within the description "all chemical compounds and salts not specially provided for in this act." The importers protested, contending that it should be assessed for duty under paragraph 595 of the same act.

Jas. T. Van Renssalaer, for the United States.

Edw. Hartley, for appellee.

Before LACOMBE and SHIPMAN, Circuit Judges.

PER CURIAM. The paragraph on which the importers rely reads as follows:

"595. Potash, crude, carbonate of, or black salts. Caustic potash, or hydrate of, including refined in sticks or rolls. Nitrate of potash, or saltpeter, crude. Sulphate of potash, crude or refined. Chlorate of potash. Muriate of potash."

It will be noticed that the first sentence of this paragraph employs three descriptive phrases, viz.: Potash, crude; potash, carbonate of;

black salts. The use of the word "or" might leave it uncertain whether or not they were mere alternative designations for the same article; but the board of general appraisers has found that "there are potash salts known, respectively, as black salts, crude potash, carbonate of potash, and caustic potash"; and there is abundant evidence to sustain this finding. Under these circumstances, we see no reason why the court should be astute to find some excuse for holding that congress did not intend to say what it has said in positive and unambiguous language. When an importation is within the description which congress has used in this paragraph as "carbonate of potash," it should be classified accordingly, whether it be crude or refined. There is no force in the suggestion that it is not to be assumed that congress would admit refined carbonate of potash free, in view of the fact that, in this very paragraph, refined sulphate of potash and refined caustic potash are expressly given free entry. The decision of the circuit court is affirmed.